UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JACQUELINE SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-079-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PROGRESSIVE DIRECT INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY and JENNIFER TALONE | ) | **AND ORDER** |
| HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Plaintiff Jacqueline Sullivan has filed a motion to remand this matter to state court. However, because Defendant Jennifer Howard was fraudulently joined, her citizenship will be ignored such that complete diversity between the plaintiff and defendants exists for purposes of 28 U.S.C. § 1332(a).  Additionally, Defendant Progressive Direct Insurance Company ("Progressive") has established that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

**I.**

Plaintiff Jacqueline Sullivan was involved in a motor vehicle accident in May 2022. She sustained significant bodily injuries and other damages.  Sullivan recovered the limits of the other driver's insurance policy, which she alleges was insufficient compensation.  She subsequently made a claim with her insurer, Progressive, under her policy of underinsured motorist ("UIM") insurance.  Sullivan alleges that, with the assistance of counsel, she provided medical documentation and other relevant information to Progressive and Defendant Jennifer

- 1 -

Howard, asking Progressive to "pay over their contractual limits of $50,000." [Record No. 1-1, ¶ 25]   Sullivan contends, however, that "Howard responded by offering nothing and Progressive refusing [sic] to offer a reasonable sum to resolve the claim."

Sullivan alleges that she notified Progressive that its actions constituted a breach of the parties' insurance contract and that the company had acted in bad faith in violation of Kentucky law.   Sullivan notified Howard on the same date that her actions also were in violation of Kentucky's bad faith laws.   Sullivan filed suit in the Mercer Circuit Court on February 14, 2024, alleging breach of contract, fraudulent misrepresentation, common law bad faith, and violations of the Kentucky Consumer Protection Act ("KCPA") and the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") against Progressive and claims of common law bad faith and a violation of the KUCSPA against Howard.

Progressive removed the case to this Court on March 22, 2024, alleging diversity jurisdiction.   *See* 28 U.S.C. §§ 1332(a); 1441(a).   Complete diversity between all plaintiffs and all defendants is required for a federal court to exercise jurisdiction based on diversity of the parties.   *Cox ex rel. Dermitt v. Liberty Healthcare Corp.*, 622 F.Supp.2d 487, 502 (E.D. Ky. 2008) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)).   Sullivan is a citizen of Kentucky and Progressive is a citizen of Ohio.[1]   And although Howard is a citizen of Kentucky, Progressive argues that her citizenship should be ignored because Sullivan joined her fraudulently for the purpose of defeating diversity.

---

[1]   Progressive alleges in its Notice of Removal that it is an Ohio corporation with its principal place of business in Ohio.   *See Safeco Inc. Co. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994) (observing that a corporation has the citizenship of its state of incorporation and its principal place of business).

Sullivan has moved to remand the matter to state court, arguing that Howard was not fraudulently joined and complete diversity does not exist.  Sullivan also argues that Progressive has not demonstrated that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for this Court to exercise jurisdiction under *See* 28 U.S.C. § 1332(a).

## II.   Howard's citizenship will be ignored in determining whether complete diversity of the parties exists.

A party who removes a case involving a non-diverse party to federal court on diversity grounds may defeat a motion to remand if the party can demonstrate that the non-diverse party was fraudulently joined.  *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Id.  See also In re Darvocet, Darvon & Propoxyphene Prods. Liability Lit.*, 889 F. Supp. 2d 931, 943 (E.D. Ky. 2012).  And if a non-diverse defendant is determined to have been fraudulently joined, that defendant's citizenship is ignored for purposes of determining whether complete diversity exists.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  Because the burden of proving fraudulent joinder rests with the removing party, any disputed questions of fact or ambiguities in controlling state law must be resolved in favor of the non-removing party.  *Conn v. Markwest Hydrocarbon, Inc.*, 2006 WL 782728 (E.D. Ky. Mar. 27, 2006) (citing *Alexander v. Elec. Data Sys. Corp*., 13 F.3d 940, 949 (6th Cir. 1994)).

While Sullivan's Complaint does not say so explicitly, it suggests that Howard was the insurance adjuster working for Progressive and was involved in the denial of her claim. Progressive's memorandum in support of removal corroborates these facts, which Sullivan

appears to confirm in later filings.  [*See* Record Nos. 1-2, 5-1.]  Until recently, the question of whether Kentucky law allows a plaintiff to seek relief for an alleged bad faith determination by an insurance adjuster was unresolved.  As courts within this district have noted repeatedly, the Supreme Court of Kentucky's seminal decision in *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), created room for disagreement regarding that question.  *See Davidson*, 25 S.W.3d at 102 (holding "that the UCSPA and the tort of 'bad faith' apply only to those persons or entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance.'").  Because it was unclear whether a bad faith claim could proceed against an insurance adjuster, federal district court judges within the Eastern District of Kentucky have uniformly remanded such cases to state court.  *See Howard v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 1951443, at *3 (E.D. Ky. May 2, 2019) (collecting cases).

However, in *Breedlove v. State Farm Fire & Casualty Company*, --S.W.3d--, 2024 WL 501900 (Feb. 9, 2024), the Court of Appeals of Kentucky recently addressed the lack of clarity in this area of Kentucky law.[2]  The court acknowledged that while it was bound by the precedents established by Kentucky's Kentucky Supreme Court, portions of *Davidson* were contradictory.  Accordingly, the Court of Appeals was "forced to interpret what *Davidson* intended on this issue." *Id.* at *7.  It began by observing that the Supreme Court of Kentucky's opinion in *Davidson* "focused on the liability of an uninsured or self-insured entity for statutory and common law bad faith" and "did not speak to an individual adjuster's liability for bad

---

[2]     The Court of Appeals noted that, in contrast to the "generally questioning position adopted by the Eastern District of Kentucky, the Western District of Kentucky has routinely held that a plaintiff does not have colorable claims against insurance adjusters for UCSPA or common law bad faith claims." *Id*. at *7 (cleaned up).

faith." *Breedlove*, 2024 WL 501900, at *8 (quoting *Davidson*, 25 S.W.3d at 94). Instead, it merely concluded "that both the statute and the common law tort apply only to persons or entities engaged in the business of insurance." *Id.*

Drawing upon the analysis in *Wolfe v. State Farm Fire and Casualty*, 2010 WL 4930680 (W.D. Ky. Nov. 30, 2010), the *Breedlove* court noted that "there are plenty of reasons that liability was limited to those with a contractual obligation to pay the disputed claim." 2024 WL 501900, at *8 (observing that the "Kentucky Insurance Code was designed to regulate those in the business of entering into contracts of insurance") (cleaned up). It further observed that this appears to be the majority position among courts that have considered the issue. *Breedlove*, 2024 WL 501900, at *8 (citing William J. Schermer, 1 Auto. Liability Ins. 4th § 15:10 (Oct. 2023 Update)). Based on this reasoning, the Court of Appeals held that "adjusters employed by the insurer are not liable for UCSPA or common law bad faith claims." *Id.* at *7.

Sullivan does not dispute that that her claim against Howard would be foreclosed by the decision in *Breedlove*. She argues, however, that *Breedlove* "is a Kentucky Court of Appeals decision and is therefore not necessarily binding upon this Court." [Record No. 7] She contends that, rather than apply the holding of *Breedlove*, this Court should continue to adhere to its prior decisions in which it remanded similar cases to state court based on the unsettled state of Kentucky law.

The test for determining whether a defendant is fraudulently joined is "whether a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant could succeed under state law." *In re Darvocet, Darvon & Propoxyphene Prods. Liability Lit.*, 889 F. Supp. 2d 931, 943 (E.D. Ky. 2012). The Court notes that the deadline for

- 5 -

filing a petition for rehearing in *Breedlove* has expired and the opinion is set to be published.[3] In the absence of authority from the Supreme Court of Kentucky, courts applying Kentucky law will apply a published decision of the Court of Appeals of Kentucky.  *Treadway ex rel. v. Estate of Spencer v. United States*, 2005 WL 2304747, at *1 (E.D. Ky. Sept. 21, 2005) (applying a Court of Appeals decision in the absence of Supreme Court authority).  In light of the decision in *Breedlove*, there is simply no reasonable basis to predict that Sullivan's bad faith claims against Howard could succeed under Kentucky law.  Thus, her citizenship will be disregarded for purposes of determining whether the parties are completely diverse under 28 U.S.C. § 1332.

### III.   Progressive has satisfactorily established that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Before this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a), the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1446(c)(2)(B); *Hayes v. Equitable Energy Res.*, 266 F.3d 560, 572-73 (6th Cir. 2001).  It is undisputed that the plaintiff seeks the limits of her UIM, which she alleges is $50,000.  Sullivan also seeks compensatory and punitive damages for her claims of common law and statutory bad faith.  Although it is not possible at this stage of the proceedings to place a precise value on these types of damages, Progressive has established that the total alleged damages, more likely than not exceed $75,000, exclusive of interest and costs.

---

[3]      *See* Court of Appeals of Kentucky, C-Track Public Access, Case View 2022-CA-1105, Opinion Affirming by Judge Jones, https://appellatepublic.kycourts.net/api/api/v1/publicaccessdocuments/e7f91b6964e7411bff525e0018aa6f97164887e3666d4c508b71601ad7334c00/download (last accessed May 7, 2024).

Progressive first points to Sullivan's refusal to stipulate that she will not accept an amount of damages more than $75,000, exclusive of interest and costs.  While a refusal to stipulate alone is insufficient to justify removal, it is a factor the Court may consider in determining whether the amount in controversy is satisfied.  *Polly v. Nat'l Trust Ins. Co.*, 2019 WL 11641059, at *2 (E.D. Ky. May 16, 2019) (citing *Miller v. Malik*, 2011 WL 2968428, at *2 (E.D. Ky. July 20, 2011)).  Sullivan seeks various damages in addition to the $50,000 in UIM benefits, including punitive damages and damages for anxiety and emotional suffering.[4] *See Am. Gen. Life Ins. Co. v. Estate of Jude by and through Jude*, 2021 WL 5348616, at *1-2 (E.D. Ky. Nov. 16, 2021) (discussing the availability of punitive damages in bad faith actions under Kentucky law); *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437 (Ky. 1997) (observing that damages for anxiety and mental anguish are recoverable in an action for statutory bad faith).

The Court also notes that if Sullivan were to recover on her UIM claim, an award of punitive damages at anything above a one-half multiplier would result in the amount in controversy being satisfied.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (stating that "single-digit multipliers are more likely to comport with due process"); *Bond v. Allstate Indemnity Co.*, 2016 WL 11604841, at *1 (E.D. Ark. Jan. 20, 2016) (acknowledging a punitive damages multiplier of six); *Coleman v. Wicker*, 2012 WL 1111, at *3 (S.D. W.Va. Mar. 30, 2012) (applying a one-half multiplier for punitive damages to an

---

[4]     Sullivan tendered a pre-suit list of itemized damages to Progressive on August 9, 2023, which totaled approximately $2.4 million.  [*See* Record No. 1-3.]  While Sullivan does not necessarily claim that she is entitled to that amount of damages in this lawsuit, that calculation of damages does tend to suggest that the amount in controversy exceeds $75,000, exclusive of interest and costs.

estimated $63,000 in damages to meet the jurisdictional threshold); *Countrywide Home Loans, Inc v. Stewart Title Guar. Co.*, 2007 WL 906154, at *4 (E.D. Wisc. Mar. 23, 2007) (observing that a 2-to-1 multiplier for an award of punitive damages on a bad faith claim was "quite plausible").

Additionally, attorney fees are included in determining whether the amount in controversy requirement is satisfied when provided by a statute that expressly allows the payment of such fees. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Sullivan seeks to recover attorney fees, which are permitted under both the KCPA and the KUCSPA. *See* Ky. Rev. Stat. §§ 367.220(3); 304.12-235(3).

In determining whether the amount in controversy threshold is satisfied, the Court relies on a fair reading of the plaintiff's Complaint, common sense, and its own judicial experience. *Polly*, 2019 WL 11641059, at *2 (citing *Hacker v. Aetna Life Ins. Co.*, 2019 WL 638369, at *2 (E.D. Ky. Feb. 13, 2019)). Considering Sullivan's claims for the $50,000 limit of her UIM policy, emotional damages, punitive damages, and attorney's fees, the Court finds that the amount in controversy easily exceeds $75,000, exclusive of interest and costs.

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the plaintiff's motion to remand [Record No. 5] is **DENIED**.

- 8 -

Dated: May 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky